# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| **EDDY ALCANTARA EX REL. ROHELDY MARTINEZ** | **PETITIONER** |
| v. | No. 5:26-cv-12-BJB |
| **WARDEN OF CHRISTIAN COUNTY JAIL, ET AL.** | **RESPONDENTS** |

\* \* \* \* \*

## ORDER

  Eddy Alcantara is a Nicaraguan citizen who entered this country without inspection and applied for asylum. According to his habeas petition, Alcantara was arrested by ICE agents on October 13, 2025. Petition (DN 1) at 3. Removal proceedings began on the same day. *See* USA Response (DN 8) at 2; Notice to Appear (DN 8-1) at 1. While those proceedings unfolded, Alcantara's wife filed a *pro se* habeas petition as his next friend, alleging that the Government lacks statutory authorization to detain Alcantara and that the Constitution requires it to offer him a bond hearing in any event.

  After Alcantara filed his petition, however, the immigration judge handling his asylum application "pretermitted" the application on a motion from Homeland Security. DN 14. And soon after, the immigration judge handling his removal proceeding ruled that Alcantara is inadmissible and ordered him removed to Honduras. DN 15.

  In response, Alcantara's wife asked this Court to stay the removal order. Emergency Motion (DN 17) at 1. The legal theory behind this request is not entirely clear. Alcantara's wife explains that without a stay, the Court will lose the "opportunity to review the pending petition before any removal occurs." *Id.* To her mind, this Court's review "is crucial to ensure [Alcantara's] rights are fully protected." *Id.*

  But Ms. Martinez's motion identifies no law authorizing this Court to grant such a request, however compelling the reasons. Nor is any reason for judicial intervention in these removal proceedings apparent to the Court.

  In general, regulations automatically stay a removal order for 30 days so that the subject of the order can appeal it. 8 C.F.R. § 1003.6(a). During an appeal, the Board of Immigration Appeals has the authority—but not the obligation—to extend the stay. § 1003.6(b). And after that, the federal courts of appeals may stay removal orders while they review BIA decisions. 8 U.S.C. § 1252(b)(3)(B). All in all, a stay is

1

available at each stage of this process. Yet none of the laws granting stay authority place it in the hands of federal trial courts. And without express statutory authorization, Congress has strictly limited the judicial role: "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." § 1252(g).

Notably, Alcantara's petition addresses only the lawfulness of his detention—not his removability. *See* Petition at 4. For purposes of this habeas proceeding, at least, Alcantara appears to concede his lack of lawful status, which is consistent with his asylum application. Now, however, the application has been denied and is presumably subject to appeal—not in this court, but in the immigration courts. And in any event, this Court would lacks authority to adjudicate the lawfulness of Alcantara's presence even if he asked it to; the questions whether someone lacks lawful status and may be removed are reserved to executive decisionmakers and reviewed by the courts of appeals. 8 U.S.C. §§ 1229a(a), 1252(a)(1).

Even if the Court reached the merits of the TRO motion, the request for emergency relief would fail.‡ To stay a removal order, an applicant must—among other things—make a "strong showing that he is likely to succeed on the merits" of the underlying claim *and* that he "will be irreparably injured absent a stay." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted). Yet Ms. Martinez's motion says nothing at all about the merits of the removal order—and thus nothing about Alcantara's odds of overcoming it on appeal. And all she says about harm is that removal may defeat the Court's jurisdiction to decide his habeas petition. This position is understandable given the rushed and *pro se* nature of the filing. But it does little to overcome the barriers to relief from this Court. True, removal would moot Alcantara's request for release from pre-removal detention. But allegedly unlawful detention is the basis for Alcantara's release request—so an argument for emergency relief to preserve the Court's jurisdiction would have to be tethered to some other harm or threat that the petition doesn't identify here. And the Supreme Court has squarely held that "[a]lthough removal is a serious burden for many aliens," "the burden of removal alone cannot constitute the requisite irreparable injury." *Nken*, 556 U.S. at 435. "Aliens who are removed," the Court surmised, "may

---

‡ The Court assumes, without deciding, that Ms. Martinez's petition on behalf of Alcantara is properly before it. In general, however, "a person may not appear pro se on another person's behalf in the other's cause of action." *Cavanaugh ex rel. Cavanaugh v. Cardinal Local School District*, 409 F.3d 753 (6th Cir. 2005), *overruled on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). Although the "'next friend' doctrine" is an exception to this rule, it only applies if the would-be representative "provide[s] an adequate explanation … why the real party in interest cannot appear on his own behalf to prosecute the action" and shows that she is "truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020) (quotation marks omitted). Ms. Martinez has not addressed either prong. But the Court denies the request on other grounds.

continue to pursue their petitions for review, and those who prevail can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal." *Id.* So without identifying some additional burden, the motion fails to show irreparable harm. And it likewise fails to set forth any basis to expect success on the merits, either.

## ORDER

Because Martinez falls short of showing "that the Court should exercise its discretion to award this extraordinary form of equitable relief," *Sarkisov v. Bondi*, 138 F.4th 976, 979 (6th Cir. 2025), and because the request seemingly lies beyond the Court's authority in any event, the Court denies the motion for emergency relief (DNs 16 & 17).

Benjamin Beaton, District Judge
United States District Court

February 10, 2026